UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**DANIEL P. CORBETT,**                                    Chapter 7
    Debtor                                                  Case No. 11-13667-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the Motion to Modify Sale Order filed by Goodwill Enterprises, Inc., d/b/a Auto Mall Collections ("Goodwill"). Goodwill, relying upon Fed. R. Civ. P. 60(b), made applicable to this contested matter by Fed. R. Bankr. P. 9024, seeks to modify this Court's August 31, 2012 "Order Authorizing and Approving Private Sale of Interest in 218 Andover Street Peabody LLC and Interest in 218 Andover Street Peabody Realty Trust" (the "Sale Order"). Specifically, Goodwill requests this Court to modify the Sale Order "to hold that the Sale of the Interests cannot be free and clear of all interests and encumbrances," that the sale to Cathleen Kavanagh, Trustee of April Realty Trust (the "Buyer" or "Kavanagh") is "subject to Goodwill's right of first refusal as provided to it under the terms of the Lease and applicable state law," and that Goodwill may enforce its right of first refusal against the Buyer under applicable state law.

1

The Buyer and Stewart F. Grossman, the Chapter 7 Trustee of the estate of Daniel P. Corbett (the "Debtor"), oppose the Motion. The Court heard the matter on October 6, 2015 and directed the parties to file supplemental briefs on the issue presented. At the hearing, none of the interested parties requested an evidentiary hearing. The Court concludes that the *material* facts necessary to resolve the matter before this Court are not in dispute.[1] Accordingly, the Court finds and rules as follows.

## II. JURISDICTION

Pursuant to 28 U.S.C. § 157(b)(1), bankruptcy courts "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." The Motion to Modify Sale Order involves "a proceeding arising under, arising in or related to a case under title 11." New Eng. Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 68 (1st Cir.2002) ("The underlying dispute here involves a subsequent purchaser's interpretation of a sale order 'free and clear of liens' under 11 U.S.C. § 363(b), an order that can only be issued by a bankruptcy court, and so it is one that arises in a case under title 11 or perhaps arises under title 11."). Therefore, as the bankruptcy appellate panel recognized in Ragosa v. Canzano (In re Colarusso), 295 B.R.

---

[1] Following the hearing, Goodwill filed the affidavit of Nader Afoussi, a/k/a John Jamali, in further support of its Motion to Modify Sale Order. Kavanagh moved to strike the affidavit and Goodwill filed an Opposition to the Motion to Strike. The Court concludes that the parties' dispute as to the admissibility of the affidavit is not pertinent to the Court's decision.

166, 178 (B.A.P. 1st Cir. 2003), *aff'd*, 382 F.3d 51 (1st Cir. 2004), this Court has concurrent, but not exclusive, jurisdiction over this matter.

**III. FACTS**

The Debtor filed a Chapter 7 petition on April 22, 2011. On July 20, 2013, the Chapter 7 Trustee filed a Motion for Order Authorizing and Approving Private Sale of Interest in 218 Andover Street Peabody LLC (the "LLC") and Interest in 218 Andover Street Peabody Realty Trust (the "Realty Trust"). Pursuant to his Motion, the Trustee sought authority to sell, "pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR Rule 2002-5 and 6004-1, all of the Trustee's right, title and interest in (a) 218 Andover Street Peabody LLC . . . and (b) 218 Andover Street Peabody Realty Trust . . . (collectively, the "Property"), free and clear of all liens, claims, encumbrances and other interests, with all liens, claims, encumbrances and other interests to the extent valid attaching to the sale proceeds." In his Sale Motion, the Chapter 7 Trustee stated that he did not believe there were any such perfected, enforceable, valid liens, claims, interests, or encumbrances on the Property (defined as the bankruptcy estate's interests in the LLC and the Realty Trust), other than a mortgage in favor of North Shore Bank.

Specifically, the Chapter 7 Trustee proposed a private sale to Miriam Garland, the spouse of William F. Garland ("Garland"), the Trustee of the 218 Andover Street Peabody Realty Trust, and solicited counteroffers. The Chapter 7 Trustee attached to his Motion a document captioned "Membership/Beneficial Interest Purchase Agreement" (the "Agreement"). In that document, the Chapter 7 Trustee represented that, on March 16,

3

2006, the Debtor and Garland caused the LLC to be formed as a Massachusetts limited liability company, with each owning a fifty percent membership interest and that, on the same day, Garland created the Realty Trust, which was recorded at the Essex South Registry of Deeds. The Chapter 7 Trustee further represented that the LLC was the sole beneficiary of the Realty Trust. The Chapter 7 Trustee disclosed, however, that, on September 22, 2009, the Debtor, as manager of the LLC caused the LLC to be dissolved. According to the Chapter 7 Trustee, following the dissolution of the LLC, Garland filed tax returns reporting himself and the Debtor as "a 50% grantor." He added that "the parties intend by this Agreement to convey Corbett's and now the Seller's interest in the Realty Trust and the Property [defined as 218 Andover Street, Peabody, Massachusetts], whether as a 50% direct beneficial interest holder in the Realty Trust as a tenant in common with Garland following the cancellation of the LLC, or as a continuing holder of a 50% Interest holder in the LLC, or otherwise (all collectively known as the 'Interest') to the Buyer."

Kavanagh in her capacity as Trustee of April Realty Trust, submitted a higher offer for the personal property being sold by the Trustee and was the successful bidder. In conjunction with the counteroffer Kavanagh, in her capacity as Trustee of the April Realty Trust, and Brian D. Kelly filed a joint Affidavit attesting to their good faith in presenting a sealed bid to the Chapter 7 Trustee. The Court approved the sale on August 31, 2012 and entered the Sale Order. At no time did the Chapter 7 Trustee disclose the existence of a lease of the real property owned by the Realty Trust, any terms of the lease between the Realty Trust and Goodwill, as successor to the original lessee, or the right of first refusal

4

contained in the original lease and the amendment of the lease.

Goodwill did not receive notice of the Trustee's Sale Motion. Accordingly, it did not have an opportunity to object to the sale or to make a higher offer.

Approximately three years after the Court approved the sale, Goodwill, on August 31, 2015, filed the Motion to Modify Sale Order pursuant to Fed. R Bankr. P. 60(b). Its filing of the Motion to Modify followed the filing of a Verified Complaint on August 14, 2015 in the Land Court, Department of the Trial Court, against Garland, individually and as Trustee of the Realty Trust and Kavanagh as Trustee of the April Realty Trust (the "state court complaint"). In conjunction with the Motion to Modify Sale Order, the Opposition of the Buyer to the Motion to Modify, Goodwill's Reply, the Buyer's Sur-Reply, and Goodwill's Supplemental Memorandum, the parties submitted for the Court's consideration a copy of a Membership/Beneficial Interest Purchase Agreement executed by Kavanagh, a Lease Agreement and a First and Second Amendment of Lease executed by Garland as Trustee of the Realty Trust and Goodwill (or its predecessor in interest), and the Verified Complaint filed by Goodwill in the Land Court.

In the state court complaint, Goodwill, as tenant and lessee, sought to enforce its right of first refusal to purchase the real property located at 218 Andover Street, Peabody, Massachusetts. It represented, in pertinent part, that the right of first refusal has been triggered and that it had given notice to the Realty Trust that it wanted to exercise its right of first refusal. It specifically represented that it had just recently learned of the sale of the Debtor's 50% beneficial interest in the Realty Trust to Kavanagh in 2012, a circumstance

that it claims triggered its right of first refusal, although Garland, as Trustee, allegedly failed to give it notice and afford it an opportunity to exercise its right of first refusal. Goodwill also represented that it had recently learned that Garland had received an offer from, and proposed to sell his 50% beneficial interest in the Realty Trust to, Kavanagh or to an affiliated non-party, Brian Kelly, whom it believed was a beneficiary of the April Realty Trust. Goodwill asserted that that offer to purchase also triggered its right of first refusal.[2]

Based in part upon the foregoing representations, as well as a detailed statement of facts surrounding its lease with the Realty Trust; prior offers by Brian Kelly to purchase Goodwill's dealership to gain possession of the real property located at 218 Andover Street; the Sale Order; the proposed sale of Garland's beneficial interest in the Realty Trust to Kavanagh; and the April Realty Trust's control over the property, Goodwill formulated four counts as follows: Count One (Breach of Contract-Against all Defendants); Count Two (Declaratory Judgment-Against all Defendants); Count Three (Preliminary and Permanent Injunctive Relief-Against all Defendants); and Count IV ( Breach of the Covenant of Good Faith and Fair Dealing-Against all Defendants). It also sought a Lis Pendens with respect to the Property.

Kavanagh filed an Opposition to its Motion to Modify Sale Order in which

---

[2] Goodwill also asserted that Garland breached the lease agreement and the implied covenant of good faith and fair dealing by failing to assent to its application to the City of Peabody to amend its Class 2 dealer's license to expand the number of vehicles it could park on the leased property.

Kavanagh, in Goodwill's words, argued the following:

> (1) Goodwill lacks a legal basis to request that the Court modify the Sale Order; (2) the Sale of Debtor's beneficial interest in 218 Andover Street Peabody Realty Trust . . . does not implicate Goodwill's right of first refusal under the Lease because only Mr. Garland's (as the Realty Trust's Trustee) receipt of a bona fide offer to purchase the real property (and not a beneficiary's receipt of an offer to purchase his beneficial interest in the trust) will trigger the right of first refusal; (3) the right of first refusal was not triggered because the sale did not constitute a sale of the Debtor's real property interests ; and (4) Goodwill's lack of notice is not a justifiable basis to modify the Sale Order.

The Trustee joined in Kavanagh's Opposition.

In response to Kavanagh's arguments, Goodwill modified its Motion to Amend, in a Reply to the Buyer's Opposition, stating:

> Goodwill is not asking this Court to make factual or legal findings regarding whether Goodwill's right of first refusal has been triggered, as that issue is before the Land Court. Rather, the present Motion simply seeks to modify the prior Sale Order to hold that the Interests sold to Kavanagh are not free and clear of all interests and encumbrances, but rather that the Interests are subject to Goodwill's right of first refusal. The question of whether or not the right of first refusal has been triggered is the subject of the Land Court's determination.

Goodwill added:

> This Motion is necessary because the Land Court may be impeded from granting Goodwill's request to exercise its right of first refusal through specific performance because the Sale Order states that the Debtor's assets transferred to Kavanagh are "free and clear of all liens, claims, encumbrances, and interests." The modification of the Sale Order is necessary in order to clarify the existence and potential application of Goodwill's right of first refusal, thereby allowing the Land Court to grant and implement Goodwill's request for specific performance with respect to the beneficial interests in the Realty Trust.

**IV. DISCUSSION**

    A. <u>Applicable Law</u>

        1. Rule 60(b)

Rule 60(b) provides six grounds for obtaining relief from a judgment. *See* Fed. R. Civ. P. 60(b)(1)–(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. Because motions under Rule 60(b)(1)-(3) must be brought within one year, and Goodwill has not argued that the Sale Order is void under Rule 60(b)(4) or that section 60(b)(5) pertains, namely that the judgment has been satisfied, released or discharged, the only applicable provision is under Rule 60(b)(6). Section 60(b)(6) provides that "the court may relieve a party . . . from a final judgment , order, or proceeding for . . . "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This is the "catch-all" provision, "appropriate only when none of the first five sections pertain." *See* <u>Ross v. Garcia (In re Garcia)</u>, 532 B.R. 173, 182 (B.A.P. 1st Cir. 2015) (citations omitted). A party making a claim under Rule 60(b)(6) "faces formidable hurdles." <u>In re Garcia</u>, 532 B.R. at 183 (citing <u>Simon v. Navon</u>, 116 F.3d 1, 5 (1st Cir.1997)). "Rule 60(b)(6) motions should be granted only where exceptional circumstances justifying extraordinary relief exist. . . . [D]istrict courts have broad discretion to determine whether such circumstances exist. Additionally, a Rule 60(b)(6) movant must make a suitable showing that the movant has a meritorious claim." <u>In re Garcia</u>, 532 B.R. at 183 (citing <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 891 (1st Cir. 1997), *cert. denied,* 522 U.S. 1148 (1998) (citations omitted)).

8

2. Abstention

Discretionary or permissive abstention is governed by 28 U.S.C. § 1334(c)(1), which provides that:

> Nothing in this section prevents a district court in the interest of justice or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). Courts have broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." New Eng. Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 69 (1st Cir. 2002). *See also* Canzano v. Ragosa (In re Colarusso), 382 F.3d 51, 56-57 (1st Cir. 2004), *aff'g*, 295 B.R. 166 (B.A.P. 1st Cir. 2003). Courts consider additional factors in determining whether permissive abstention is appropriate, including: whether state law issues predominate over bankruptcy issues; the existence of a related state court proceeding; and the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties. In re Colarusso, 295 B.R. at 178.

B. Analysis

Based upon Goodwill's failure to surmount the "formidable hurdle" applicable to its Motion to Modify the Sale Order, and the factors pertinent to permissive abstention applicable here, the Court shall enter an order allowing in part Goodwill's Motion to Modify for the limited purpose of clarifying that this Court made no determination that

9

the Chapter 7 Trustee's sale of the bankruptcy estate's interest in the Realty Trust and the LLC triggered the right of first refusal. The Court shall make no ruling regarding, and abstains from, the dispute between the parties as to whether the sale was free and clear of Goodwill's right of first refusal. The Land Court has concurrent jurisdiction to determine whether the Chapter 7 Trustee's sale of the Debtor's 50% beneficial interest in the Realty Trust triggered Goodwill's right of first refusal, as well as determining whether Garland's proposed sale of his 50% beneficial interest in the Realty Trust to Kavanagh or her nominee, as alleged in the state court complaint, triggers Goodwill's right of first refusal.

Goodwill's contention that the Chapter 7 Trustee's sale of the Debtor's interest in the Trust triggered its right of first refusal was not before this Court when it entered the Sale Order. This Court could not, and did not, make a determination that the right of first refusal constituted an "interest" that attached to the proceeds of the sale of the estate's interest in the Realty Trust for purposes of 11 U.S.C. § 363(f). The issue was not raised, argued, or briefed in connection with the Motion for Order Authorizing and Approving Private Sale. Accordingly, the Land Court is not constrained from determining that either the Chapter 7 Trustee's sale of the Debtor's interest in the Realty Trust to Kavanagh or Garland's proposed sale of his 50% interest in the Realty Trust to Kavanagh or her nominee, triggers Goodwill's right of first refusal. Apart from that clarification, the Court abstains from any and all other requests for relief sought by Goodwill under Fed. R. Civ. P. 60(b)(6).

With respect to Garland's proposed sale, the trigger of the right of first refusal is

10

front and center in the Verified Complaint. Goodwill's alleged facts in its Verified Complaint suggest that there may be a termination of the Trust if Garland no longer serves as Trustee and there is a merger of legal and equitable title to the real property located at 218 Andover Street, Peabody, Massachusetts. Moreover, Garland's alleged sale of his 50% beneficial interest in the Realty Trust to Kavanagh may result in a decision by Kavanagh as a 50% beneficiary of the Realty Trust and as the proposed purchaser of Garland's 50% beneficial interest to terminate the Realty Trust, which is a nominee trust. That circumstance would place full ownership of the beneficial interests in the Realty Trust obtained from the bankruptcy estate and Garland in Kavanagh. Either the termination of the Realty Trust or a decision not to renew the lease would arguably jeopardize Goodwill's right of first refusal. Thus, Goodwill's claims for breach of contract and breach of the covenant of good faith and fair dealing, claims which will not inure to the benefit of the bankruptcy estate, may be integral to the determination of whether the right of first refusal is triggered.

Additional factors pertinent to abstention are present here. Any successful recovery or injunctive relief obtained by Goodwill with respect to its claim against Garland and Kavanagh, as noted above, will not affect the administration of the bankruptcy estate. State law will be dispositive of the enforceability of the right of first refusal and in all likelihood will be germane to resolution of the issue of whether the right of first refusal is triggered by Garland's transfer of his beneficial interest in the Realty Trust, as opposed to the actual transfer of the real property by the Realty Trust to a purchaser other than Kavanagh or her

11

nominee.

## V. CONCLUSION

In view of the foregoing, the Court clarifies its Sale Order and abstains from other issues raised by Goodwill in its Motion to Modify Sale Order.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 26, 2015