UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**DANIEL P. CORBETT,**                                                        Chapter 7
    Debtor                                                         Case No. 11-13667-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ORDER**

Whereas, on January 5, 2016, Cathleen E. Kavanagh, Trustee of the April Realty Trust ("Kavanagh"), filed a Request for Payment of Administrative Expense; and

Whereas, Kavanagh seeks payment of "an administrative expense priority claim pursuant to 11 U.S.C. § 503(b) and § 507(1)(1)(C) and (a)(2) in an amount to be determined by the Court;" and

Whereas, in her Request for Payment, Kavanagh states that the April Realty Trust was the successful bidder for the estate's beneficial interest in the 218 Andover Street Peabody Realty Trust (the "Realty Trust"), which holds title to real estate located at 218 Andover Street, Peabody, Massachusetts, as well as the estate's interest in a limited liability company, namely 218 Andover Street Peabody LLC (collectively, the "property"),[1] and that, on August 31, 2012, this Court entered an Order Authorizing and Approving the Private Sale of property to Kavanagh; and

---

[1] In the Trustee's Motion for Order Authorizing and Approving Private Sale of Interest in 218 Andover Street Peabody LLC and Interest in 218 Andover Street Peabody Realty Trust, the Trustee represented that he had determined that title to the real estate was

1

Whereas, in conjunction with the purchase, the Chapter 7 Trustee of the estate of Daniel P. Corbett (the "Debtor") and Kavanagh executed a "Membership/Beneficial Interest Purchase Agreement" and an "Assignment of Membership Interest;" and

Whereas, on August 31, 2015, Goodwill Enterprises, Inc. d/b/a Auto Mall Collections ("Goodwill"), an entity which did not receive notice of the Trustee's Motion for Order Authorizing and Approving Private Sale, filed a Motion to Modify Sale Order; and

Whereas, on October 26, 2015, this Court issued a Memorandum and Order with respect to the Motion to Modify addressing Goodwill's assertion that the sale to Kavanagh is subject to its right of first refusal which is provided for under the terms of its unrecorded Lease with the Realty Trust; and

Whereas, the Court issued the following Order:

[T]he Court allows in part and denies in part the Motion to Modify Sale Order filed by Goodwill Enterprises, Inc., d/b/a Auto Mall Collections. The Court clarifies that it made no determination that the Chapter 7 Trustee's sale of the bankruptcy estate's interests in the 218 Andover Street Peabody Realty Trust and the 218 Andover Street Peabody LLC triggered the right of first refusal contained [in] a lease between the 218 Andover Street Peabody Realty Trust and Goodwill Enterprises, Inc., as the successor in interest to the original lessee. The Court abstains from all other issues raised by Goodwill in its Motion to Modify Sale Order;

and

---

held by the Trust, that the schedule of beneficiaries for the Realty Trust recited that its sole beneficiary was the 218 Andover Street Peabody, LLC, that the Debtor and William Garland were the sole members of the LLC, and that on September 22, 2009, a certificate of cancellation of the LLC had been filed.

Whereas, the effect of the Court's Order is that Goodwill may pursue whatever rights and remedies it may have as set forth in the Verified Complaint that it filed in the Land Court, Department of the Trial Court, against William F. Garland, individually and as Trustee of the 218 Andover Street Peabody Realty Trust, and Kavanagh; and

Whereas, Kavanagh argues that it is entitled to an administrative expense for fees it incurred it defending its title to the beneficial interest in the Realty Trust, including opposing Goodwill's Motion to Modify and responding to Goodwill's complaint in the Land Court; and

Whereas, Kavanagh also contends that any damages it suffered "will be the direct result of the Chapter 7 Trustee's breach of its [sic] warranty and representation that it [sic] owned the Debtor's Beneficial Interest free and clear of any liens, claims or other encumbrances and that the Trustee had the full right and authority to transfer the Debtor's Beneficial Interest" to Kavanagh; and

Whereas, Kavanagh also raised the specter of filing a motion under the Barton doctrine, *see* Barton v. Barbour, 104 U.S. 126, 127 (1881); In re VistaCare Grp., LLC, 678 F.3d 218, 224-25 (3d Cir. 2012), for purposes of commencing an action against the Chapter 7 Trustee in his official capacity; and

Whereas, the Chapter 7 Trustee filed an Opposition to Kavanagh's Request for Payment because "the sale of the beneficial interest was in fact free and clear of liens,"[2]

---

[2] The Sale Order provided that "[u]pon completion of the sale, the Property will be free and clear of all liens, claims, encumbrances and interests, with any liens, claims, encumbrances or interests, to the extent valid, shall attach to the proceeds of the sale according to priorities established under applicable law."

and because "in any event the claim asserted by the Buyer is not a claim for actual, necessary costs or expenses in preserving the estate;" and

Whereas, the Chapter 7 Trustee asserts that Kavanagh "ignores the distinction between the Beneficial Interest, which was the subject of the sale and any warranty thereon, and the Property, which was not sold and not the subject of any warranty," adding, with citations to <u>Malden Mills Indus., Inc. v. Maroun (In re Malden Mills Indus., Inc.)</u>, 303 B.R. 688, 706 (B.A.P. 1st Cir. 2004), and <u>In re Sanborn, Inc.</u>, 181 B.R. 683, 690 (Bankr. D. Mass. 1995), that Kavanagh failed to satisfy the requisites of an administrative expense, namely that the expense was "reasonable, necessary, and beneficial to the estate;" and

Whereas, the Court held a non-evidentiary hearing on Kavanagh's Request for Payment of Administrative Expense and the Trustee's Opposition on February 3, 2016; and

Whereas, at the hearing, the parties made arguments and cited decisions that were not referenced in their papers,

Now, therefore, on or before March 4, 2016, counsel to the Chapter 7 Trustee and Kavanagh shall file post-hearing memoranda of law on the legal issues raised by the Request for Payment of Administrative Expense, including, but not limited to, the following: 1) whether Kavanagh has a breach of warranty claim under the Order Authorizing and Approving Private Sale of Interest in 218 Andover Street Peabody LLC and Interest in 218 Andover Street Peabody Realty Trust, the "Membership/Beneficial Interest Purchase Agreement," or the "Assignment of Membership Interest;" 2) whether

4

the principles set forth in <u>Reading Co. v. Brown</u>, 391 U.S. 471 (1968), apply in Chapter 7 cases; 3) whether the present contingent nature of any administrative expense Kavanagh may have, which is dependent on a judgment against Kavanagh in the pending Land Court litigation commenced by Goodwill, affects its allowance as "actual, necessary costs and expenses of preserving the estate" under 11 U.S.C. § 503(b); 4) whether Kavanagh is entitled to an administrative expense, either directly or through principles of indemnification, against the estate for either damages or attorneys' fees in the event the Land Court determines that the purchase of the estate's beneficial interest in the Realty Trust triggered Goodwill's right of first refusal; 5) whether the principles set forth in the First Circuit's decision in <u>Brandt v. Lazard Freres & Co., LLC. (In re Healthco Internat'l, Inc.)</u>, 310 F.3d 9 (1st Cir. 2002)(administrative expense priority granted to attorneys' fees incurred by defendants who were successful in defending a fraudulent transfer action brought by a trustee against them), applies to attorneys' fees incurred by Kavanagh in defense of Goodwill's claims; and 6) whether the potential loss by Kavanagh is sufficient to confer administrative expense status.

            By the Court,

            */s/ Joan N. Feeney*

            Joan N. Feeney
            United States Bankruptcy Judge

Dated: February 9, 2016