UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**DANIEL P. CORBETT**,                                  Chapter 7
    Debtor                                         Case No. 11-13667-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

# MEMORANDUM

## I. INTRODUCTION

The matter before the Court is the "Motion of Cathleen Kavanagh, Trustee of April Realty Trust, for Stay Pending Appeal" (the "Stay Motion"). Through her Motion, Cathleen Kavanagh ("Kavanagh"), Trustee of the April Realty Trust ("April Realty"), seeks a stay of this Court's Order dated February 12, 2018, denying "April Realty's Motion to Re-Open Bidding for Debtor's Interest in 218 Andover Street Peabody Realty Trust (the "Realty Trust"), assented to by Chapter 7 Trustee" and granting, in part, Goodwill Enterprises, Inc.'s "Cross-Motion for An Order Allowing Goodwill to Exercise Specific Performance of Its Right of First Refusal against April Realty Trust pending the outcome of April Realty's appeal of the October 20, 2017 Order and Judgment entered by the Massachusetts Land Court, Department of the Massachusetts Trial Court. S*ee* Goodwill Enters., Inc. v. Garland, Misc. Case No. 15 MISC 000317 (RBF), 2017 WL 4801104 (Land Ct. Oct. 20, 2017). Goodwill Enterprises, Inc. ("Goodwill") filed an Opposition to the Stay Motion.

1

Kavanagh's Stay Motion involves the following decisions and orders: 1) this Court's August 31, 2012 Order Authorizing and Approving Private Sale of Interest in 218 Andover Street Peabody LLC and Interest in 218 Andover Street Realty Trust (the "2012 Sale Order") and its concomitant finding, based upon the joint affidavit submitted by Brian D. Kelly ("Kelly") and Kavanagh that April Realty was purchasing interests of Daniel P. Corbett (the "Debtor") in good faith;[1] 2) this Court's October 26, 2105 Order denying Goodwill's Motion to Modify Sale Order, which motion Kavanagh opposed, *see* In re Corbett, No. 11-13667-JNF, 2015 WL 6460000 (Bankr. D. Mass. Oct. 26, 2015);[2] 3) the

---

[1] In their joint affidavit, Kavanagh and Kelly represented, under penalties of perjury, that "[o]n both August 21 and 28, 2012, April Realty Trust submitted its counteroffer and sealed bid respectively to purchase the Debtor's interest in the Real Property to the Bankruptcy Court in good faith without any consultation with Mr. Garland or the Debtor."

[2] In denying the Motion to Modify, this Court stated:

> Based upon Goodwill's failure to surmount the "formidable hurdle" applicable to its Motion to Modify the Sale Order, and the factors pertinent to permissive abstention applicable here, the Court shall enter an order allowing in part Goodwill's Motion to Modify for the limited purpose of clarifying that this Court made no determination that the Chapter 7 Trustee's sale of the bankruptcy estate's interest in the Realty Trust and the LLC triggered the right of first refusal. The Court shall make no ruling regarding, and abstains from, the dispute between the parties as to whether the sale was free and clear of Goodwill's right of first refusal. The Land Court has concurrent jurisdiction to determine whether the Chapter 7 Trustee's sale of the Debtor's 50% beneficial interest in the Realty Trust triggered Goodwill's right of first refusal, as well as determining whether Garland's proposed sale of his 50% beneficial interest in the Realty Trust to Kavanagh or her nominee, as alleged in the state court complaint, triggers Goodwill's right of first refusal.

In re Corbett, 2015 WL 6460000, at *4.

decision of the Massachusetts Land Court, Department of the Massachusetts Trial Court, *see* Goodwill Enters., Inc. v. Garland, Misc. Case No. 15 MISC 000317 (RBF), 2017 WL 4801104 (Land Ct. Oct. 20, 2017);[3] and 4) this Court's February 12, 2018 Memorandum and Order through which this Court denied Kavanagh's Motion to Re-Open Bidding and granted, in part, Goodwill's Cross-Motion for an Order Allowing Goodwill to Exercise Specific Performance of Its Right of First Refusal against April Realty Trust, *see* In re Corbett, No. 11-13667-JNF, 2018 WL 832885, at *18 (Bankr. D. Mass. Feb. 12, 2018) (citing, inter alia, Greenfield Country Estates Tenants Ass'n, Inc. v. Deep, 423 Mass. 81, 666 N.E.2d 988 (1996)).[4]

---

[3] The Land Court entered a judgment "declaring that (a) the Corbett Interest constituted a 50% interest in the Property; (b) the Notice of Sale, auction of the Corbett Interest, and bid by April Realty, triggered the ROFR [right of first refusal] under the Lease; (c) the Bankruptcy Trustee was obligated to give notice to Goodwill of the auction sale and bid, and his failure to do so violated the ROFR under the Lease; and (d) Goodwill has the right to specific performance of the ROFR." Goodwill Enterprises, Inc. v. Garland, 2017 WL 4801104, at *13. The Land Court, however, stated: "How specific performance is to be enforced in the circumstances of this sale, in the context of the bankruptcy case, is a question best left to the Bankruptcy Court." Id. at *12.

[4] This Court entered the following order:

> The Court orders the Chapter 7 Trustee, upon the payment of $250,250.00 by Goodwill Enterprises, Inc. to Cathleen E. Kavanagh, as Trustee of April Realty Trust, to deliver a deed to Goodwill for the Debtor's one-half ownership interest in the real property located at 218 Andover Street, Peabody, Massachusetts. Because the credit sought by Goodwill Enterprises, Inc. with respect to the purchase price of $250,250.00 will neither affect the administration of the bankruptcy estate nor decrease any of the payments made to creditors, the Court abstains from determining any issue regarding credits Goodwill Enterprises, Inc. seeks with respect to the purchase price.

In its February 12, 2018 Memorandum, this Court analyzed the relief requested by Kavanagh to Re-Open Bidding, which in essence was a request to modify the 2012 Sale Order, under Federal Rule of Civil Procedure 60(b)(4) and 60 (b)(6), made applicable to the contested matter by Federal Rule of Bankruptcy Procedure 9024.  *See* Canzano v. Ragosa (In re Colarusso), 382 F.3d 51, 62  (1st Cir. 2004) ("After the time for appeal had passed, the sale may only be challenged, if at all, in accordance with the provisions of Rule 60(b) of the Federal Rule of Civil Procedure.  Matter of Edwards, 962 F.2d 641, 643 (7th Cir. 1992); Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60 to cases brought under Bankruptcy Code).").  Kavanagh in her Stay Motion does not address the merits this Court's February 12, 2018 Memorandum and Order or her failure to appeal this Court's October 26, 2015 Order; rather Kavanagh focuses on the merits of the Land Court's decision.  Indeed, Kavanagh raises issues that were never properly before this Court in connection with the 2012 Sale Order and that were expressly rejected by the Land Court, including Kavanagh's contention that the right of first refusal ("ROFR") held by Goodwill was an executory contract that was rejected as a matter of law.[5]

---

[5] As this Court observed in its February 12, 2018 Memorandum, "[t]his Court, unlike the Trustee and Kavanagh, was uninformed as to the existence of the ROFR when it entered the Sale Order and determined that Kavanagh had purchased the Debtor's interests in the LLC and the Realty Trust from the bankruptcy estate in good faith."  In re Corbett, No. 11-13667-JNF, 2018 WL 832885, at *5, n.7 (Bankr. D. Mass. Feb. 12, 2018). Despite this Court's determination that it made "no ruling regarding, and abstains from, the dispute between the parties as to whether the sale was free and clear of Goodwill's right of first refusal," Kavanagh, according to the Land Court, argued:

> [E]ven if Corbett, as a beneficiary, was the true owner of the Property and subject to the ROFR, that particular contractual provision in the Goodwill Lease would have been automatically deemed rejected by the Bankruptcy

4

**II. STANDARD APPLICABLE TO STAYS PENDING APPEAL**

The standard for determining whether to grant a motion for stay pending appeal is similar to that for obtaining an injunction. Elias v. Sumski (In re Elias), 182 F. App'x 3, 2006 WL 1514314 (1st Cir. 2006).

---

Trustee pursuant to 11 U.S.C. § 365(d)(4)" and that "a rejection is deemed to be a breach of contract occurring on the date immediately prior to the debtor's bankruptcy filing and Goodwill's remedy is limited to asserting a claim for damages against Corbett's bankruptcy estate.

Goodwill Enterprises, Inc. v. Garland, 2017 WL 4801104, at *10 (citing In re Fleishman, 138 B.R. 641, 644–646 (Bankr. D. Mass. 1992)). In addition, according to the Land Court, Kavanagh also maintained that the Chapter 7 Trustee could utilize his "strong-arm" powers under the Bankruptcy Code to invalidate the unrecorded Goodwill Lease and any rights of first refusal contained in it. Id. (citing 11 U.S.C. § 544(a), and In re Webber Lumber & Supply Co., Inc., 134 B.R. 76, 78–80 (Bankr. D. Mass. 1991)). The Land Court determined:

> April Realty's speculation as to what the Bankruptcy Trustee would or would not do with respect to the Goodwill Lease and the ROFR is irrelevant. The Bankruptcy Court made clear that "state law will be dispositive of the enforceability of the right of first refusal," not federal bankruptcy law. The Goodwill Lease was not rejected by the Bankruptcy Trustee, and, in any event, that Goodwill views the sale of Corbett's interest as triggering the ROFR does not mean that the Goodwill Lease and its rights under it constituted a lien, claim, or encumbrance against Corbett's interest that would be subject to rejection by the Bankruptcy Trustee. Further, the strong-arm provision, 11 U.S.C. § 544(a), which can be used to avoid any unperfected security interests or to defeat the claims of any unsecured creditor against property of the bankruptcy estate and to preserve the value represented by those liens to the general estate, *see* In re Traverse, 753 F.3d 19, 26 (1st Cir. 2014), is inapplicable. Goodwill has no claim that it could maintain as a creditor in the bankruptcy action, making the strong-arm provision inapplicable in this action.

Goodwill Enterprises, Inc. v. Garland, 2017 WL 4801104, at *11. Indeed, the lease containing the ROFR was not a contract with the Debtor, and the Chapter 7 Trustee never sought to avoid the ROFR using his powers under 11 U.S.C. § 544.

> [I]n determining whether to grant a stay pending appeal, <u>Acevedo-Garcia v. Vera-Monroig</u>, 296 F.3d 13, 16 (1st Cir. 2002), namely, "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies," <u>id.</u> at 16 n. 3. We review the lower courts' denial of such relief for abuse of discretion or error of law. <u>Sunshine Dev., Inc. v. FDIC</u>, 33 F.3d 106, 110-11 (1st Cir. 1994).

<u>In re Elias</u>, 182 F. App'x 3, 2006 WL 1514314, at * 1 (1st Cir. 2006). As Kavanagh recognizes, "The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits. In essence, the issuance of a stay depends on whether the harm caused movant without the stay, in light of the movant's likelihood of eventual success on the merits, outweighs the harm the stay will cause the non-moving party." <u>Aceveo-Garcia v. Vera-Monroig</u>, 296 F.3d 13, 16-17 (1st Cir. 2002) (citing <u>Weaver v. Henderson</u>, 984 F.2d 11, 12 (1st Cir. 1993)). Stated another way, "'[w]hat matters . . . is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party' chance of success on the merits,'" <u>In re Elias</u>, 182 F. App'x 3, 4 (1st Cir. 2006) (citing <u>P.R. Hosp. Supply, Inc. v. Boston Scientific Corp.</u>, 426 F.3d 503, 507 n.1 (1st Cir. 2005), which quoted the Massachusetts standard, which "closely tracks the federal standard").

**III. DISCUSSION**

Kavanagh seeks a stay pending appeal to the United States District Court for the District of Massachusetts of this Court's February 12, 2018 order. She seeks to stay this Court's order because she is hoping to succeed with respect to her pending appeal of the October 20, 2017 Order and Judgment entered by the Massachusetts Land Court. She

6

contends that she has satisfied the standard for obtaining a stay pending an appeal from this Court's decision denying her Motion to Re-Open Bidding and granting, in part, Goodwill's Cross-Motion, through which it sought an order permitting it to exercise its right of first refusal by paying Kavanagh the amount of her winning bid at the 2012 sale. Kavanagh's Stay Motion lacks merit and highlights the inconsistent positions taken by April Realty since 2015, when Kavanagh as April Realty's Trustee, opposed Goodwill's Motion to Modify the Sale Order.

This Court concludes that Kavanagh has failed to establish a likelihood of success on the merits. Kavanagh argues at length that she has established a likelihood of succeeding on the merits of her appeal *of the Land Court's decision*, concluding that because this Court's February 12, 2018 decision was premised entirely upon the Land Court's holdings, "if the Land Court's decision were to be overturned on appeal, the Court's February 12, 2018 Order would necessarily have to be overturned as well." This Court disagrees. Having abstained from determining the dispute between Kavanagh and Goodwill as to whether the 2012 sale was free and clear of Goodwill's lease and ROFR, Goodwill was permitted to litigate the dispute in the Land Court. In her Stay Motion, Kavanagh did not address the basis for this Court's decision that the 2012 Sale Order was a final order that cannot be vacated either in whole or in part, absent a determination that the order was void owing to a due process violation, *see* Fed. R. Civ. P. 60(b)(4), or, alternatively, absent a showing under the sliding scale approach that estate enhancement from a proposed increased bid for the Debtor's interests outweighs the reasonable expectations of the parties and "the gravity of finality." *See* Fed. R. Civ. P. 60(b)(6), and

7

In re Farmland Indus., Inc., 284 B.R. 111, 116 (Bankr. W.D. Mo. 2002) (citing, inter alia, In re Gil-Bern Industries, Inc., 526 F.2d 627 (1st Cir. 1975)). As this Court observed in its Memorandum dated February 12, 2018, "neither Kavanagh nor the Trustee explicitly invoked Rule 60(b) in their submissions to this Court. Were the Court to deem their submissions, whether to re-open bidding or to vacate the 2012 Sale Order, to be requests for relief under Rule 60(b), the Court denies those requests." In re Corbett, No. 11-13667-JNF, 2018 WL 832885, at *12 (Bankr. D. Mass. Feb. 12, 2018). Kavanagh cannot be said to have established a likelihood of success on the merits of her appeal from this Court's order when she failed at the outset and in the Stay Motion to even address the standard applicable modifying or vacating the 2012 Sale Order.

In seeking to reopen the bidding with respect to the Sale Order, Kavanagh invited Goodwill's Cross-Motion. The alleged errors of law made by the Land Court do not establish a likelihood of success on the merits of *this Court's February 12, 2018 Order* because, as noted above, Kavanagh did not demonstrate that the 2012 Sale Order was void for lack of due process or that any potential benefit to the bankruptcy estate, which is ready to close, outweighed the policy of the finality of sale orders and judgments emphasized by courts in the First Circuit. *See* In re Gil-Bern Industries, Inc., 562 F.2d 627, 629 (1st Cir. 1975).

Kavanagh also contends that she will suffer irreparable harm. She argues the following:

> [I]t will likely take a year or more for April Realty's appeals of the Land Court's October 20, 2017 Order and this Court's February 12, 2018 Order to be determined. During that time, the [214 Andover Street] Realty Trust

8

could sell the Property to a third party, which would permanently deprive April Realty of any interest in the Property, even if were to prevail on appeal. The Realty Trust could also lease or otherwise encumber the Property in a manner that is adverse to the interests of April Realty during the pendency of the appeals. Thus, if the Court declines to enter a stay, April Realty will suffer irreparable harm due to the loss of its beneficial interest in the Realty Trust.

. . . On the other hand, Goodwill will not suffer any significant harm if the Court enters a stay. The term of Goodwill's Lease extends to 2022, meaning that it will be able to continue to use the Property during the pendency of April Realty's appeals as it has done for over a decade. Over five years have passed since the sale of the Corbett Interest and Goodwill waited three years before bringing its action for specific performance, notwithstanding its actual knowledge of the Debtor's bankruptcy and the Chapter 7 Trustee's intended sale of the Corbett Interest. The further passing of time during the pendency of April Realty's appeals will not cause irreparable damage to Goodwill. Although Goodwill will not be entitled to collect any monetary distributions from the Realty Trust, accounting for any distributions to which Goodwill may be entitled is a straightforward task that can be accomplished after the appeals have been resolved. In order to minimize the risk of any monetary harm to Goodwill, April Realty is willing to put any distributions made to it by the Realty Trust during the pendency of the appeals into an escrow account. April Realty is further willing to enter into a standstill agreement by which it agrees not to convey its interest in the Realty Trust and to vote against any sale or further encumbrance of the Property during the pendency of the appeals. Thus, any harm that a stay may cause Goodwill is minimal.

In response, Goodwill, in addition to challenging Kavanagh's assertion that she has a likelihood of success on the merits of her appeal, argues: 1) that it will suffer irreparable harm because April Realty's offer to put future distributions from the Realty Trust into escrow does not eliminate future harm to it because it is entitled to the benefits of ownership of the fifty percent beneficial interest in the Realty Trust, adding that further deprivation of its rights to control the property would constitute a due process violation; 2) that it will be irreparably harmed because it "will lose the right to control the real

9

property during the remaining term of its Lease, and the length of the stay will likely exceed the time remaining on Goodwill's Lease to occupy the Property in dispute (thereby depriving Goodwill of its right to use the Property);" and 3) permitting Kavanagh to control the property whiling pursuing two separate appeals "is both unjust and unfair."  It also states, however, that it "is willing to agree not to transfer the Property to any third party pending April Realty's appeals," adding that "[t]his will provide April Realty the security it seeks without depriving Goodwill of its use of the Property and the income therefrom."

The Court concludes that Goodwill's objection to the Stay Motion is meritorious and the Kavanagh is not entitled to a stay pending appeal.  The 2012 Sale Order is a final order and Kavanagh failed to establish grounds for revisiting that order.  Kavanagh has not established that Goodwill is endeavoring to sell its interest in the real estate.  In view of Goodwill's offer not to transfer the real property while the appeals are pending, Kavanagh's irreparable harm argument fails. Moreover, Kavanagh makes no representation that she is precluded from seeking a stay pending her appeal from the decision of the Land Court.

Were this Court to issue a stay pending appeal, Goodwill would be irreparably injured.  As this Court observed in its February 12, 2018 Memorandum, Goodwill was not afforded notice of the original sale in 2012.  Kavanagh opposed the relief Goodwill sought in 2015, namely the modification of the Sale Order "to reflect that pursuant to Section 363(f), the sale of the Debtor's Interest in the RE Entities to the Buyer was and is subject to Goodwill's right of first refusal, which Goodwill may seek to enforce against

the Buyer under applicable state law." After losing in the Land Court in October of 2017, however, Kavanagh, moved this Court, in essence, to modify (or vacate) the 2012 Sale Order so that "a new 'open cry' auction be conducted between April Realty and Goodwill for the Corbett Interest on terms and conditions to be proposed by the Trustee." This Court denied Goodwill's Motion to Modify, noting that Goodwill failed to surmount the "formidable hurdle" applicable to its Motion to Modify the Sale Order" under Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024. Consistent with its October 26, 2015 Order, this Court denied Kavanagh's Motion to Re-Open Bidding explicating in more detail the same grounds for denying the relief requested with reference to Rule 60(b).

Finally, the Court concludes that public policy does not favor entry of a stay pending appeal. The finality of the 2012 Sale Order overrides any attempt to undo that order at this late date in the absence of compelling reasons under Fed. R. Civ. P. 60(b)(4) and (6), which Kavanagh failed to advance in her Motion to Re-Open Bidding.

## IV. CONCLUSION

In accordance with the foregoing, the Court shall enter an order denying the Motion for Stay Pending Appeal

                                            By the Court,

                                            *Joan N. Feeney* (signature)

                                            Joan N. Feeney
                                            United States Bankruptcy Judge

Dated: March 8, 2018